UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICIA JONES,<br><br>        Plaintiff,<br><br>v.<br><br>SECRETARY, DEPARTMENT OF VETERAN AFFAIRS,<br><br>        Defendant. | Case No. 2:21-cv-00524-RFB-EJY<br><br>**REPORT and RECOMMENDATIONS**<br>**Re: ECF No. 2-1 and 6**<br>**Plaintiff's Initial Document and *in forma pauperis* application** |

Plaintiff, proceeding *pro se*, filed an *in forma pauperis* ("IFP") application under 28 U.S.C. § 1915 on May 19, 2021. ECF No. 6. Plaintiff previously filed her Initiating Document. ECF No. 2-1. The Court considers these filings below.

**I.  Plaintiff's *in forma pauperis* application.**

The Court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person who is unable to pay such fees or provide the security required. 28 U.S.C. § 1915(a)(1). Plaintiff's financial declaration submitted as part of her IFP application indicates she has a monthly income of $4,578. ECF No. 6 at 2. Plaintiff's monthly expenses total $3,623, resulting in approximately $955 in expendable income. *Id.* at 5. This information does not qualify Plaintiff for a waiver of the $402.00 filing fee. However, the Court recognizes that a one-time payment of $402 may represent a strain on Plaintiff's monthly budget, especially given other expenses that may arise unexpectedly. *Id.* While this difficulty alone does not qualify as indigency (*United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted)), the Court recommends Plaintiff be allowed to make monthly payments of $50.00, except for the first payment that shall be $52.00, until the $402.00 filing fee is paid in full. The schedule of payments appears in the recommendation below.

**II.     Screening the Complaint**.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). Here, although the Court recommends that Plaintiff's request to proceed *in forma pauperis* be denied, the Court screens Plaintiff's Initiating Document for efficiency so that Plaintiff may understand how to proceed before the Court.

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim is found under cases interpreting Federal Rule of Civil Procedure 12(b)(6). To survive review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

When considering whether a complaint is sufficient to state a claim, the allegations of material fact taken as true are construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Recitation of the elements of a cause of action alone is insufficient. *Id.* Unless it is clear that a complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.).

**III.    Plaintiff's Initiating Document**.

Even liberally construed, Plaintiff's Initiating Document fails to state a claim that may proceed before the Court. That is, Plaintiff's Initiating Document is comprised solely of the Final Agency Decision from the Department of Veteran Affairs Office of Employment Discrimination Complaint Adjudication (the "Department"). This document provides the outcome of a formal EEO

complaint Plaintiff filed on March 4, 2019, in which she alleged that officials at the West Coast Consolidated Patient Accounting Center (West-CPAC), VA Southern Nevada Healthcare System, in Las Vegas, Nevada, retaliated against her because of her prior EEO activity, after which the officials created a hostile work environment. ECF No. 2-1 at 2.

After a summary of facts and analysis of the law, the Department found:

> Complainant failed to prove that she was discriminated against based on reprisal for prior EEO activity or subjected to a retaliatory hostile work environment when she was not selected for the position of Financial Management Specialist GS-0501-09, Vacancy Announcement # CBAB-10359997-19-JS ... .

*Id*. at 12. The Department explained to Plaintiff that she could appeal the decision to the EEOC or file a complaint in federal court within 90 days. *Id*. The Department's decision was issued on January 21, 2021, and Plaintiff filed her action in federal court on March 31, 2021. If Plaintiff did not file an appeal with the EEOC, the commencement of her action was timely. Unfortunately, however, filing the Final Agency Decision, which Plaintiff has done, is insufficient to state a claim upon which relief may be granted.

As explained above, to commence an action in federal court, Plaintiff must file a complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires that Plaintiff's complaint include "a short and plain statement" of her the claim or claims showing she is entitled to relief. Plaintiff's complaint must also include "a demand for the relief" she seeks. Plaintiff must allege facts to support her claims so that her claims are plausible on their face. *Iqbal*, 556 U.S. at 678. Here, Plaintiff's initiating document alleges no claims showing she is entitled to relief. ECF No. 2-1. To the contrary, the Final Agency Decision suggests Plaintiff is not entitled to any relief based on allegations of retaliation and hostile work environment. The Final Agency Decision also does not identify any relief sought by Plaintiff. *Id*. In sum, Plaintiff's Initiating Document does not commence an action on which she can proceed in federal court.

**IV.   Recommendations**.

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's motion to proceed in forma pauperis (ECF No. 6) be denied.

3

IT IS FURTHER RECOMMENDED that Plaintiff be directed to pay the filing fee of $402.00 in installments with the first payment of $52 due on or before August 2, 2021.

IT IS FURTHER RECOMMENDED that Plaintiff be ordered to make $50 payments approximately every thirty days on September 2, 2021, October 4, 2021, November 4, 2021, December 3, 2021, January 4, 2022, February 4, 2022, and March 4, 2022.

IT IS FURTHER RECOMMENDED that Plaintiff's Initiating Document be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff be granted until August 9, 2021 to file a complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure and the instructions given above so long as Plaintiff's first installment payment of $52 is received by the Clerk of the Court by that date.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to comply with the recommendations above, once adopted, Plaintiff's action be dismissed without prejudice.

Dated this 28th day of June, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE