UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PATRICIA JONES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERAN AFFAIRS,<br><br>　　　　Defendant. | Case No. 2:21-cv-00524-RFB-EJY<br><br>**REPORT AND RECOMMENDATION TO DISMISS** |

Pending before the Court is Plaintiff's Response to the Order to Show Cause. ECF No. 11. The Court has considered Plaintiff's Response and finds as follows.

**I.　BACKGROUND**

On March 31, 2021, Plaintiff, a non-inmate litigant proceeding *pro se*, filed Initiating Documents together with an application to proceed *in forma pauper* ("IFP"). ECF Nos. 2, 6. The Court denied Plaintiff's IFP application finding she did not financially qualify under 28 U.S.C. § 1915(a)(1). ECF No. 7 at 1. However, the Court's June 28, 2021 Report and Recommendation established a schedule allowing Plaintiff to pay the $402 filing fee in $50 installments approximately every thirty days. *Id*. at 4. The Court cautioned Plaintiff that failure to comply with the schedule would result a recommendation to dismiss Plaintiff's case without prejudice. *Id*. The Report and Recommendation was adopted in full on October 26, 2021. ECF No. 8.

On April 4, 2022, the Court found Plaintiff had not complied with the payment schedule. ECF No. 10. In fact, she had made no payments toward the filing fee. *See* Docket generally. As such, Plaintiff was directed to show cause, in writing, no later than May, 4 2022, why this matter should not be dismissed. ECF. No. 10. The Court informed Plaintiff that failure to timely respond to the Order would result in a recommendation to dismiss. *Id*. Plaintiff's May 5, 2022 response fails to provide any reason for her lack of compliance with the payment schedule. ECF. No. 11.

## II. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may …, where appropriate," dismiss "a case." *Mulcahy v. Kerns*, Case No. 2:20-cv-01788-JAD-BNW, 2020 WL 7227209, at *1 (D. Nev. Dec. 8, 2020) (internal quotation marks and citation omitted). When dismissing a case, courts consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id*. (Internal citations omitted.) Courts may dismiss actions based on a party's failure to obey a court order. *Id*. *See also Montgomery v. Nevada*, Case No. 2:20-cv-01061-KJD-VCF, 2022 WL 717615, at *2 (D. Nev. Mar. 10, 2022) (holding the court has "clear authority to dismiss [a] case for failure to cooperate in the progress of the litigation").

The first and second factors identified above favor dismissal as the Court provided Plaintiff well over a year to comply with the Court's Order to make installment payments of the $402 filing fee, which Plaintiff has not done. The Court implemented the schedule of installment payments to allow Plaintiff to proceed, but she has made no effort to comply. ECF Nos. 4, 7, 8, 10. Plaintiff's Response to the Order to Show Cause states no reason why Plaintiff is or has been unable to comply with the Court's Order. ECF No. 11.

The third factor favors dismissal as there is no risk of prejudice to the Defendant that arises from dismissing Plaintiff's claim. With respect to less drastic measures to obtain cooperation, the fifth factor, the Court provided Plaintiff substantial opportunity to do so. This meets the "consideration of alternatives requirement." *See Mulcahy*, 2020 WL 7227209, at *1 ("A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's consideration of alternatives requirement.") (Internal citation and quotation marks omitted). Finally, the fourth public policy factor is outweighed by the other factors when considering a recommendation to dismiss this case. *Id*.

### III. RECOMMENDATION

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED this matter be dismissed without prejudice.

Dated this 2nd day of June, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).